**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RODRICK PRITCHETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 77 |
| v. ) | |
| ) | Mag. Judge Michael T. Mason |
| CITY OF CHICAGO and RODOLFO ) | |
| CAMARILLO, JR. and EDWARD KOS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Rodrick Pritchett ("Pritchett" or "plaintiff"), filed a three-count complaint in the Circuit Court of Cook County arising out of his arrest by Chicago Police Officers Rodolfo Camarillo, Jr. and Edward Kos ("defendant officers"). Count I alleged a state law cause of action for malicious prosecution and/or false arrest. Count II alleged an action pursuant to 42 U.S.C. § 1983 against the defendant officers based on the same conduct. Count III alleged an action against the City of Chicago ("the City") based on *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1977). Defendants subsequently removed the action to the United States District Court for the Northern District of Illinois. On April 16, 2005, plaintiff filed an Amended Complaint, containing essentially the same allegations. The defendants filed a motion for summary judgment on all three counts of plaintiff's Amended Complaint. For the reasons set forth below, defendants' motion for summary judgment on Counts II and III is granted and Count I is dismissed without prejudice.

**BACKGROUND**[1]

This case arises out plaintiff's arrest on November 20, 2002. In November of 2002, plaintiff was a resident of the City of Chicago. Plaintiff admits that at the time of his arrest, the defendant officers were employed by the City of Chicago and were acting within the scope of their employment and under color of state law.

On the evening of November 20, 2002, Officers Camarillo and Kos pulled plaintiff over near 87th and Ada in Chicago, Illinois. Plaintiff admits that when he was stopped by the uniformed officers, one of his taillights was not functioning and his registration (license plates) had been suspended. Plaintiff had a 9mm semiautomatic pistol in his car at the time of the traffic stop. Plaintiff admits that his gun was not registered with the City of Chicago.

When the officers approached his vehicle, plaintiff produced his driver's license. He then produced his Firearms Owners Identification Card ("FOID") and voluntarily stated that he had a gun in the car. Plaintiff and his passenger were asked to step outside the vehicle. Officer Kos searched plaintiff's vehicle and recovered the gun.[2] Plaintiff was taken into custody and transported to the 22nd District police station. His passenger was allowed to leave.

---

[1] The undisputed facts in this section are derived from the parties' Rule 56.1 statement of facts or the exhibits attached thereto.

[2] A dispute remains over where the gun was located when Officer Kos recovered it from plaintiff's vehicle. Plaintiff claims it was in an unlocked, zippered "floppy disk" case located either underneath the front seat or between the front seats of his car. Plaintiff also contends that the clip was removed from the gun. The officers contend that they found the gun loaded and uncased between the front seats. However, this factual dispute is immaterial here because defendants move for summary judgment assuming that plaintiff's version of events is true. (Def. Memo of Law, pg. 5).

Plaintiff was charged with failure to register a firearm in violation of Chicago Municipal Code, Section 8-20-040; operating a vehicle on suspended registration (license plates) in violation of the Illinois Vehicle Code, 625 ILCS 5/3-702; operating a vehicle with a nonfunctioning taillight in violation of Chicago Municipal Code, Section 9-76-050(c); and aggravated unlawful use of a weapon, 720 ILCS 5/24-1.6(a)(1).

Plaintiff was held in Cook County Jail until his mother could arrange for bond, three to four days after his arrest. Plaintiff's car was impounded for four days and he testified that he paid $680.00 to get his car back.

At the preliminary hearing on November 27, 2002, the State *nolle prosequied*[3] the traffic offenses and the ordinance violation for failure to register the gun with the City of Chicago. The State proceeded on the charge of aggravated unlawful use of a weapon, 720 ILCS 5/24-1.6(a)(1). On May 17, 2004, plaintiff was acquitted of this charge after a bench trial.

Plaintiff filed his original complaint in the Circuit Court of Cook County, Illinois on November 19, 2004. Defendants subsequently removed the action to federal court.

**LEGAL ANALYSIS**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party has the burden of demonstrating the

---

[3] An entry in a criminal action denoting that the prosecutor will not prosecute the case further in whole or as to one or more of several counts.

absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323. "A genuine issue of material fact exists only if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Alexander v. Wis. Dept. of Health and Family Services*, 263 F.3d 673, 680 (7th Cir. 2001). When making this determination, we review the record in the light most favorable to the nonmovant, and draw all reasonable inferences in his favor. *Id.* However, once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). Federal Rule of Civil Procedure 56(c) "mandates summary judgment when the nonmoving party fails to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial." *Jefferson v. City of Chicago*, 2000 U.S. Dist. LEXIS 22081, *10 (N.D. Ill. 2000).

## I. Plaintiff's Federal Claims

### A. Count II

The standards for a successful Section 1983 action against a local police officer or a municipality are well known. *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002). To prove an officer's liability, the plaintiff must show that: (1) he was deprived of a federal right and (2) that the deprivation was imposed upon him by one or more persons acting under color of state law. *Id.* (citing *Gomez v. Toledo*, 446 U.S. 635, 640, 64 L. Ed. 2d 572, 100 S. Ct. 1920 (1980)).

As an initial matter, the Court notes that Count II of plaintiff's Amended Complaint is not artfully drafted. As a result, it is difficult to determine what type of § 1983 claim

4

Count II alleges. To add another layer of confusion, plaintiff incorporated his allegations from Count I, which alleges a state law claim for malicious prosecution and/or false arrest. Accordingly, we look to plaintiff's response brief to ascertain which type of action plaintiff alleges in Count II. Plaintiff contends that Count II of his Amended Complaint "asserts a Section 1983 claim arising from the conduct of the individual officers in placing a charge against the plaintiff of Aggravated Unlawful Use of a Firearm where there was no probable cause to bring such a charge." (Resp., pg. 3). Plaintiff admits that the allegations in Count II are based on malicious prosecution. (Resp., pg. 4).

In *Newsome v. McCabe,* 256 F.3d 747, 750 (7th Cir. 2001), the Seventh Circuit held that "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." Illinois has a common law tort action for malicious prosecution. *Miller v. Rosenberg*, 196 Ill. 2d 50, 749 N.E.2d 946, 951-52, 255 Ill. Dec. 464 (2001). Therefore, to the extent that Count II alleges a § 1983 malicious prosecution claim, that claim fails as a matter of law. *Newsome*, 256 F.3d at 750; *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002).

As *Newsome* explained, there is no "constitutional right not to be prosecuted without probable cause." *Newsome*, 256 F.3d at 750. Therefore, a plaintiff may not "state a § 1983 claim simply by alleging that he was maliciously prosecuted." *Penn*, 296 F.3d at 576. Instead, to recover, a plaintiff must allege that he was deprived of another specific constitutional right. *Id.*

In that regard, plaintiff contends that Count II invokes "facts indicating a Fourth Amendment violation, charging the plaintiff with a felony without probable cause and [the] resultant loss of liberty – four days of incarceration until the plaintiff could be

5

bonded out – and of property, the pound fees for his car, loss of his legally purchased handgun and loss of ability to obtain employment while a felony charge was pending." (Resp., pg. 7). Plaintiff argues that he has stated a valid § 1983 claim asserting deprivation of the right to be free from seizure of his person and property under the Fourth Amendment. (Resp., pg. 15).

To the extent that plaintiff alleges a Fourth Amendment § 1983 claim based on the seizure of his person, such a claim falls under the parameters of either malicious prosecution or false arrest. As discussed above, the existence of a malicious prosecution tort claim under Illinois law knocks out any constitutional theory of malicious prosecution. *Newsome*, 256 F.3d at 750. Assuming Count II alleges a Fourth Amendment § 1983 false arrest claim, that claim still fails. "It is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Morfin v. City of E. Chicago,* 349 F.3d 989, 997 (7th Cir. 2003) (quoting *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992)). Simply stated, "a person arrested with probable cause cannot cry false arrest . . . . and without a predicate constitutional violation, one cannot make out a prima facie case under § 1983." *Juriss,* 957 F.2d at 349 n.1.

Here, the undisputed facts show that the defendant officers had probable cause to arrest plaintiff for: (1) operating a vehicle with a suspended registration in violation of the Illinois Vehicle Code, 625 ILCS 5/3-702 (2002); (2) operating a vehicle with an inoperable taillight in violation of Chicago Municipal Code, Section 9-76-050(c); and (3) transporting an unregistered handgun in the City of Chicago in violation of Chicago Municipal Code, Section 8-20-040. Indeed, plaintiff admitted that his taillight was out,

6

that his registration had been suspended and that he had not registered his firearm with the City of Chicago. Thus, regardless of where the gun was found, the officers had probable cause to arrest plaintiff for the traffic violations or for failure to register his firearm. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 149 L. Ed. 2d 549 (2001) (stating that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."). Furthermore, it is irrelevant that the State proceeded with the aggravated unlawful use of a firearm charge rather than the traffic offenses or the registration violation. *Calusinski v. Kruger*, 24 F.3d 931, 935 (7th Cir. 1994) (recognizing that for purposes of a § 1983 false arrest claim, at the time of the arrest, "police officers need probable cause that *a* crime has been committed, not that the criminal defendant committed *all* of the crimes for which he or she is later charged.") (emphasis added).

In short, because the defendant officers had probable cause to arrest plaintiff for the traffic violations or for failure to register his firearm, plaintiff's Fourth Amendment § 1983 false arrest claim fails as a matter of law. *Morfin,* 349 F.3d at 997.

Next, we will analyze Count II assuming for purposes of this discussion that it alleges a Fourth Amendment § 1983 claim based on an unreasonable seizure of plaintiff's property. The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook County*, 506 U.S. 56, 61, 113 S. Ct. 538; 121 L. Ed. 2d 450 (1992).

Plaintiff claims he was deprived of the pound fees for his car, his legally purchased handgun and the ability to obtain employment while a felony charge was pending.

With respect to the defendant officers' seizure of plaintiff's firearm, the officers had probable cause to arrest plaintiff and incident to that arrest, search his vehicle and seize suspected evidence of criminal activity. *White v. O'Leary*, 742 F. Supp. 990, 993 (N.D. Ill. 1990) (citing *U.S. v. Hope*, 906 F.2d 254 (7th Cir. 1990)). Not only was plaintiff lawfully arrested, but plaintiff admits that he consented to the search and that his firearm was not registered in accordance with § 8-20-040 of the Chicago Municipal Code. Furthermore, it is unclear whether plaintiff ever filed a motion before the Court for the return of his gun. Additionally, § 8-20-220, entitled "Destruction of weapons confiscated," provides that whenever any firearm is confiscated pursuant to the terms of this chapter, the superintendent shall determine whether such firearm is needed as evidence in any matter. Chicago Municipal Code § 8-20-220. If the firearm is not required for evidence, it "shall" be destroyed at the superintendent's direction. *Id.*

At most, the failure to return the properly seized evidence might implicate plaintiff's Fourteenth Amendment right not to be deprived of property without due process. *White*, 742 F. Supp. at 993; *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). However, a state employee who negligently or intentionally deprives an individual of personal property, does not violate that person's due process rights where the state provides a meaningful post-deprivation remedy. *Hudson*, 468 U.S. at 530-536. Plaintiff fails to argue, nor has he presented any evidence to show that state tort and common-law remedies are inadequate to secure the return of his firearm or its value. *Id.* Thus, plaintiff has failed to demonstrate a Fourth Amendment violation

8

arising out of the seizure of his firearm or a Fourteenth Amendment violation arising out of the failure to return his firearm.

With respect to the pound fees plaintiff incurred, after the defendant officers lawfully arrested plaintiff, they were then permitted to impound his vehicle to remove it from the public roadway. *See United States v. Duguay*, 93 F.3d 346, 353 & n.2 (7th Cir. 1996); *see also*, Chicago Municipal Code § 8-20-015. The resulting pound fees were incident to the lawful arrest and consequently, we find no Fourth Amendment violation. Additionally, once again, plaintiff failed to present any evidence to show that state tort and common-law remedies are inadequate to secure the return of his property or its value. Therefore, plaintiff cannot maintain a due process claim based on deprivation of the pound fees. *See Hudson*, 468 U.S. at 530-536.

Plaintiff also claims that he lost the ability to obtain employment while the felony charge was pending against him. However, the lost ability to obtain employment does not qualify as "property" under the Fourth Amendment because it does not involve a person, house, paper, or effect. *See Soldal*, 506 U.S. at 61 (recognizing that the Fourth Amendment does not protect possessory interests in all kinds of property); *see also, Oliver v. United States,* 466 U.S. 170, 176-177, 80 L. Ed. 2d 214, 104 S. Ct. 1735 (1984) (finding that the special protection accorded by the Fourth Amendment to the people in their persons, houses, papers, and effects does not extend to open fields). Because the lost ability to obtain employment does not constitute a seizure of property, we find no Fourth Amendment violation. For the same reason, we find no Fourteenth Amendment violation.

Thus, to the extent that Count II alleges either a Fourth Amendment claim based

9

on an unreasonable seizure of plaintiff's property or a Fourteenth Amendment claim based on deprivation of his property without due process, plaintiff has failed to present sufficient evidence to survive summary judgment.

Next, plaintiff contends that he "was deprived of his liberty and property without due process of law." (Resp., pg. 4). As discussed above, plaintiff cannot sustain a Fourteenth Amendment due process claim based on deprivation of his property. To the extent that Count II alleges a due process claim based on deprivation of plaintiff's liberty, the claim fails because "it is nothing more than a recast of his Fourth Amendment false arrest claim" under the guise of a substantive due process claim. *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (holding that the plaintiff could not circumvent *Newsome* by combining a Fourth Amendment false arrest claim and a state law malicious prosecution claim into a hybrid substantive due process claim under the Fourteenth Amendment). This Court already rejected plaintiff's Fourth Amendment false arrest claim. Moreover, "[t]he Supreme Court has made it clear that a substantive due process claim may not be maintained when a specific constitutional provision (here the Fourth Amendment) protects the right allegedly violated." *McCann*, 337 F.3d at 786 (citing *United States v. Lanier*, 520 U.S. 259, 272 n.7, 137 L. Ed. 2d 432, 117 S. Ct. 1219 (1997)). Therefore, to the extent that Count II alleges a due process claim based on deprivation of plaintiff's liberty, that claim fails as a matter of law.

Simply put, plaintiff has failed to demonstrate that he was deprived of a federal right and without a constitutional violation, he cannot make out a prima facie case under § 1983. *Juriss,* 957 F.2d at 349 n.1. Summary judgment on Count II is warranted

because: (1) the Seventh Circuit does not recognize a § 1983 malicious prosecution claim; (2) plaintiff failed to present evidence demonstrating a Fourth Amendment violation based on an unreasonable seizure of his person or property; and (3) plaintiff failed to present evidence demonstrating a Fourteenth Amendment violation based on deprivation of his liberty or property without due process. Accordingly, defendants' motion for summary judgment on Count II is granted.

### B. Count III

Count III of plaintiff's Amended Complaint alleges an action against the City based on *Monell*, 436 U.S. 658. To establish liability against the City of Chicago, the plaintiff must prove that: (1) he suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the City; which (3) was the proximate cause of his injury. *Ienco*, 286 F.3d at 998 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978); *Frake v. City of Chicago*, 210 F.3d 779, 781 (7th Cir. 2000)). As discussed above, plaintiff failed to establish that he was deprived of a federal right. Furthermore, it is well settled that a municipality is not liable for a constitutional injury unless there is a finding that the individual officers are liable on the underlying substantive claim. *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000) (citing *Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998)). Because this Court granted summary judgment on Count II against the individual officers, plaintiff has no claim against the City as a matter of law. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986); *Pepper v. Oak Park*, 430 F.3d 805, 812 (7th Cir. 2005); *Treece*, 213 F.3d at

11

364; *Tesch*, 157 F.3d at 477. Consequently, defendants' motion for summary judgment on Count III is granted.

## II.     Plaintiff's State Law Claims

Count I of plaintiff's Amended Complaint alleges a state law claim for malicious prosecution and/or false arrest. For the reasons stated above, plaintiff faces an uphill battle to the extent that Count I alleges a claim for false arrest. However, plaintiff may be able to sustain a state law malicious prosecution claim arising out of defendants' prosecution of the aggravated unlawful use of a firearm charge. Nevertheless, this Court declines to exercise continuing supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3) and *Carr v. CIGNA Secs.*, 95 F.3d 544, 546 (7th Cir. 1996) (recognizing that when the federal claims fall out before trial, the district court generally should relinquish jurisdiction over any supplemental state law claims in order to minimize federal judicial intrusion into matters purely of state law). Accordingly, plaintiff's state law claim alleged in Count I is remanded to the Circuit Court of Cook County. *See Akpulonu v. McGowan*, 2004 U.S. Dist. LEXIS 15932 (N.D. Ill. 2004) (stating that when a case is removed from state court, if all the federal claims supporting jurisdiction are dismissed and jurisdiction over the remaining state law claims is not retained, the appropriate procedure would be to remand the remaining state law claims to the Circuit Court of Cook County"); *Cunningham v. Equicredit Corp.*, 427 F. Supp. 2d 838, 842 (N.D. Ill. 2006) (citing *Key Outdoor Inc. v. City of Galesburg*, Ill., 327 F.3d 549, 550 (7th Cir. 2003)).

**CONCLUSION**

For the reasons stated above, defendants' motion for summary judgment is GRANTED on Counts II and III of plaintiff's amended complaint. Plaintiff's state law claim alleged in Count I of plaintiff's amended complaint is remanded to the Circuit Court of Cook County. It is so ordered.

ENTER:

_____
**MICHAEL T. MASON**
**United Stated Magistrate Judge**

**Dated:** **July 11, 2007**